SAUNDERS, Judge,
concurs in part, dissents in part, and assigns written reasons.
hi concur with the majority opinion regarding prescription Richard’s claims against the DSS with one exception, the viability of Richard’s false imprisonment claim stemming from the DSS’s second investigation. The standard of reviewing the findings of fact in this decision is that of manifest error. Carter v. Haygood, 892 So.2d 1261. The trial court ruled that all of Richard’s claims against the DSS were prescribed because it found, as fact, that the DSS had taken no action and had no obligation to Richard and his children following May 29, 2008.
The majority opinion states “Mr. Richard was not arrested for the offense validated by the [second] investigation until June 13, 2008.” This statement indicates that the DSS’s second investigation was a factor in Richard’s eventual arrest. However, when reviewing the record before us, there is no evidence that the second investigation of the DSS was a cause in fact to Richard’s subsequent arrest.
Contrarily, the only evidence adduced at the hearing on DSS’s prescription exception regarding whether any action of the DSS led to Richard’s arrest on June 13, 2008, is the uncontroverted testimony of Trahan. She testified that the DSS’s second investigation, in which it validated a complaint against Richard, resulted and ended when the DSS reported its finding to the District Attorney’s office, and that the District Attorney’s office took no further action.
|2Thus, I cannot subscribe to the conclusion that Richard’s false imprisonment claim is viable against the DSS. According to Richard’s petition, he was arrested by the Iberia Parish Sheriffs Office. The record is void of evidence as to who, if anyone, spurred the sheriffs office into action. I feel that Richard, in facing the DSS’s prescription exception, failed to put forth any evidence that the DSS’s second investigation was a cause in fact of his arrest, while the DSS put forth evidence, via Trahan’s testimony, that it did nothing to cause Richard’s arrest.
Accordingly, given the standard of review, I would uphold the trial court’s finding of fact that the DSS had taken no action and had no obligation to Richard and his children following May 29, 2008. This finding, ultimately leads to what I feel to be the correct decision, that all of Richard’s claims against the DSS are prescribed. Thus, I respectfully dissent.